**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:23CV-P219-JHM**

**THOMAS EDWARD BURKE, JR.**                                          **PLAINTIFF**

**v.**

**LUTHER LUCKETT CORRECTIONAL**
**COMPLEX** *et al.*                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Edward Burke, Jr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The amended complaint (DN 15)[1] is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow one of Plaintiff's claims to proceed and dismiss his other claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a convicted inmate at Luther Luckett Correctional Complex (LLCC). He sues LLCC and the Department of Corrections (DOC) and the following Defendants in their individual and official capacities: DOC Commissioner Cookie Crews; LLCC Warden Amy Robey; and medical provider Elaine Smith.

Plaintiff states that he was hospitalized due to cellulitis in his legs on October 18, 2021, and again in June 2022. He states that Smith "who is not trained or licensed to do any surgeries . . . done a surgery to remove a cyst on my talebone at 9:00 pm the surgery went wrong and Burke started to bleed real bad!" He continues, "From 9:15 to 2:00 pm it took a nurse to stop the bleeding to when Elaine Smith straight out refused to come in to recorrect the surgery that she caused to go wrong!"

---

[1] By prior Memorandum and Order, the Court ordered Plaintiff to file an amended complaint and directed that it would supersede the original complaint (DN 14).

Plaintiff further states that on July 19, 2023, he was again sent to the hospital due to cellulitis. He reports, "The hospital clearly stated Burke <u>is</u> in danger of loosing his legs do the cellurlitice if Elaine Smith and the [LLCC] medical staff is aloud to keep straight out refusing Buke medical treatment!" (Emphasis by Plaintiff). Plaintiff states that he is in imminent danger because "when he again was hospitalized on July 15, 2023 or about this date do to cellurlise in his legs, the Norton Hospital used I.V. to help with the cellurlise and help to save Burke's legs only if correctly treated by [LLCC] medical Department!!" He alleges that Smith "keeps denying medical treatment until she is ordered by the hospital to do so, then she still denies the treatment ordered by the hospital!!" Plaintiff maintains, "As long as [LLCC] is still aloud to denie medical treatment by the Norton Hospital of Louisville as ordered by the hospital Burke will always be in imminent danger of loosing his legs do to refused treatment or even worse!" He states, "Burke could loose his life if the cellurlice in Burke's legs remain to go untreated correctly as ordered by Norton Hospital!"

As relief, Plaintiff requests compensatory and punitive damages; injunctive relief in the form of ordering medical treatment for his cellulitis; and court costs.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. LLCC, DOC, and official-capacity claims for damages*

Plaintiff sues LLCC, DOC, and sues Crews, Robey, and Smith their official capacities. LLCC is part of DOC, a state agency. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign

immunity of the states in enacting § 1983. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Moreover, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Crews, Robey, and Smith, whom he identifies as state employees, are construed as brought against the Commonwealth of Kentucky. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for all relief claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

For these reasons, Plaintiff's claim against LLCC and DOC for all relief and his official-capacity claims against Crews, Robey, and Smith for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-capacity claims and claims for injunctive relief

#### *1.* Respondeat Superior

Plaintiff sues Crews and Robey, but the amended complaint alleges no specific action by either Defendant. To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995);

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff does not allege that Crews and Robey were personally involved in the violation of his rights. His allegations against them are presumably based on their supervisory authority over other personnel. Therefore, Plaintiff's individual-capacity claims against Crews and Robey will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Deliberate indifference to serious medical needs

The Court construes the complaint as alleging an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Smith. <u>Upon review, the Court will allow this claim to proceed against Smith in her individual capacity for all relief and in her official capacity for injunctive relief</u>. In allowing the claim to proceed, the Court passes no judgment on its merit or ultimate outcome.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against LLCC and DOC for all relief; his official-capacity claims against Crews, Robey, and Smith for monetary damages; and his individual-

capacity claims against Crews and Robey for all relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED** to terminate LLCC, DOC, Crews, and Robey as no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claim that has been permitted to proceed.

Date:   September 8, 2023

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc:   Plaintiff, *pro se*
      Defendant Smith
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010