UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23CV-P219-JHM

**THOMAS EDWARD BURKE, JR.**  **PLAINTIFF**

**v.**

**LUTHER LUCKETT CORRECTIONAL
COMPLEX** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Edward Burke, Jr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. By prior Memorandum Opinion and Order (DN 22), the Court conducted an initial review of the amended complaint (DN 15) pursuant to 28 U.S.C. § 1915A, allowed Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs to proceed against Elaine Smith in her individual capacity and official capacity, and dismissed all other claims.

Plaintiff then filed another amended complaint (DN 35). Because the filing is actually a second amended complaint, the Court will direct the Clerk of Court to change the docket entry to reflect this. The Court will construe the second amended complaint as a motion for leave to file an amended complaint, and the motion is **GRANTED**. Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), the second amended complaint supersedes, or replaces, the first amended complaint.

The second amended complaint is now before the Court for initial screening pursuant to § 1915A. For the reasons stated below, the Court will allow the individual-capacity claim against

Smith to proceed, dismiss the official-capacity claim against her, and dismiss all other claims in the second amended complaint.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at Luther Luckett Correctional Complex (LLCC). In the second amended complaint, he sues LLCC; Elaine Smith, whom he identifies as an employee of Wellpath; the "LLCC 'Medical Department'"; Warden Amy Robey; and Wellpath. He sues Smith and Robey in their individual and official capacities.

Plaintiff reiterates the same allegations he made against Smith in the first amended complaint. He alleges that he was hospitalized due to cellulitis in his legs on October 18, 2021, and again in June 2022. He states that Smith "who is not trained or licensed to do any surgeries . . . done surgery on the Plaintiff to remove a cyst on my talebone, at 9:00 pm the surgery went wrong and Plaintiff 'Burke' started to bleed real bad!" He continues, "From 9:15 to 2:00 A.M. it took a nurse to stop the bleeding, to when 'Elaine Smith' straight out refused to come in when the nurse called her at home 'three' times! To come in and redo the surgery to stop the bleeding!"

Plaintiff further states that on July 19, 2023, he was again sent to the hospital due to cellulitis. He maintains, "The hospital has made it clear that Burke is in danger of loosing his legs do to the cellulitis if 'Elaine Smith and Wellpath' is aloud to keep straight out refusing Burke medical treatment!" (Emphasis by Plaintiff). Plaintiff states that he is in imminent danger because of the cellulitis in his legs. He states, "Norton Hospital used I.V. to help stop the cellulitis and help to save Burke's legs, only if correctly treated by [LLCC] Medical Department!!" He alleges that Smith is "still denying medical treatment that was ordered by Norton Hospital!" Plaintiff further states, "As long as 'Elaine Smith' is still aloud to denie any and all medical treatment by the Norton Hospital of Louisville as ordered by the hospital Burke will always be in imminent

danger of loosing his legs or even worse Burke could loose his life if the cellulitis in Burkes legs remain to go untreated correctly as ordered by Norton Hospital!"

In the second amended complaint, Plaintiff states, "Elaine Smith and Wellpath knows Burke has cellulitis in his legs! This was treated by Norton Hospital!" He alleges that Smith and Wellpath showed deliberate indifference to his serious medical needs.

As relief, Plaintiff requests compensatory and punitive damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. Wellpath and Smith*

Upon initial review of the first amended complaint, the Court allowed Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs to proceed against Smith in her individual and official capacity. However, it appeared to the Court in reviewing the first amended complaint that Smith was an employee of LLCC. Plaintiff has now clarified that Smith is an employee of Wellpath.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Smith is actually brought against Wellpath. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath, which has presumably contracted with the Kentucky Department of Corrections to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691. Thus, liability of a contracted private entity also must be based on a policy or

4

custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of Wellpath. He alleges isolated occurrences affecting only him. Accordingly, Plaintiff's claim against Wellpath and his official-capacity claim against Smith must be dismissed for failure to state a claim upon which relief may be granted.

<u>The Court will again allow Plaintiff's individual-capacity claim against Smith for deliberate indifference to his serious medical needs to proceed</u>.

### B. LLCC and Robey

The second amended complaint contains no new allegations against LLCC or Robey. The Court dismissed Plaintiff's claims against LLCC and against Robey in her individual and official capacities upon initial review of the first amended complaint. For the same reasons as stated in the Court's prior Memorandum Opinion and Order (DN 22), the claims against LLCC and against Robey in her individual and official capacities will be dismissed for failure to state a claim upon

5

which relief may be granted and for seeking damages from a defendant who is immune from such relief.

Plaintiff adds the "LLCC 'Medical Department'" as a Defendant in the second amended complaint. However, it is not sufficient for a plaintiff to sue a medical department because it fails to put any defendant on notice of a claim against him or her. *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Therefore, Plaintiff's claim against the "LLCC 'Medical Department'" will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

The **Clerk of Court is DIRECTED** to change the docket entry of the amended complaint (DN 35) to a second amended complaint.

**IT IS ORDERED** that Plaintiff's official-capacity claim against Smith, his claims against Wellpath, LLCC, and the "LLCC 'Medical Department,'" and his individual and official-capacity claims against Robey are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED** to terminate Wellpath, "LLCC 'Medical Department,'" and Robey as no claims remain against them.

A review of the docket sheet shows that Smith was served on March 29, 2024, and that her answer is due on April 19, 2024 (DN 41). Since the second amended complaint superseded the first amended complaint, Smith shall file an answer to the second amended complaint.

The Court will enter a Revised Scheduling Order after Smith files an answer to the second amended complaint.

Date:   April 12, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant Smith
4414.010

7