UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THOMAS EDWARD BURKE,<br><br>                                 Plaintiff,<br><br>v.<br><br>LUTHER LUCKETT CORRECTIONAL COMPLEX, *et al.*,<br><br>                                Defendants. | Case No. 3:23-cv-P219-JHM<br><br>*Electronically filed* |

**DEFENDANT SMITH'S COMBINED RESPONSE TO SHOW CAUSE ORDER, RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT**

Pursuant to the Court's Order [RE 47] and Local Rule 7.1, Defendant Elaine Smith ("Defendant"), by counsel, submits the following combined Response to the Court's Show Cause Order, Response to Plaintiff's Motions for Default, and Response to Plaintiff's Motions for Contempt.

**RESPONSE TO SHOW CAUSE ORDER [RE 47]**

The Court's Order [RE 47] requires that Defendant Smith show cause why she has failed to timely answer or otherwise defend this action. In doing so, Defendant will address the "good cause" standard applicable to setting aside an entry of default pursuant to Federal Rule of Civil Procedure 55(c) (though, while Plaintiff has requested entry of default, it does not appear from the record that a formal default has been entered). "In determining whether good cause exists, the district court must consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

1

*United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citation and alterations omitted).

 First, regarding culpable conduct, undersigned counsel has investigated the delay and states the following upon information and belief. Defendant Smith acknowledges she was served with process on or about March 29, 2024. Defendant is employed by Wellpath, LLC and therefore informed her employer's legal department about the lawsuit. Defendant believed that no further immediate action would be required on her part and that an Answer would be filed on her behalf. However, the Wellpath employee typically responsible for assigning outside counsel in Kentucky to defend this matter was out of the office on leave. Multiple employees were tasked with covering that responsibility during this time period, and there was apparent confusion between those employees about which one would be retaining counsel to defend Smith in this particular action. Due to lack of familiarity with the legal process and/or inadvertence, Defendant Smith did not follow up with the legal office to ensure that a responsive pleading would be filed on her behalf. For these reasons, counsel was not retained until the Court had already entered the Show Cause Order at bar. Upon information and belief, these circumstances have been remedied and are not expected to reoccur. Defendant submits that the combination of the above circumstances amounts to excusable neglect and does not rise to the level of culpability that would warrant the sanction of default, particularly against Defendant Smith who believed that she had taken the required step to secure representation.

 Second, Defendant has filed an Answer contemporaneously with this Response, which asserts various meritorious defenses and specifically denies that she was deliberately indifferent to Plaintiff's serious medical needs. Defendant Smith, by counsel, will obtain documents, including medical records, in support of her position and intends to vigorously defend this action.

Third, Defendant acknowledges the above circumstances have caused delay, and Defendant also understands the delay has required the Court and Plaintiff to take unnecessary action to secure her appearance before the Court. However, Defendant submits that the delay has been limited and is unlikely to prejudice Plaintiff's prosecution of this action. Defendant Smith and undersigned counsel will endeavor to defend this matter diligently and in compliance with all applicable deadlines from this point forward.

For these reasons, Defendant Smith requests that the Court find the sanction of default unwarranted in these circumstances and further requests that the Court discharge its Show Cause Order.

## RESPONSE TO PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND/OR DEFAULT JUDGMENT

For the same reasons stated above, Defendant also requests that Plaintiff's Motions for Default Judgment and/or Entry of Default [RE 45; 49] be denied at this stage of the case.

## RESPONSE TO PLAINTIFF'S MOTIONS FOR CONTEMPT

Plaintiff has also filed motions to hold Defendant Smith in contempt [RE 50; 51]. As a proposed sanction, Plaintiff essentially requests the relief that he seeks in the previously filed complaints in this matter. Thus, in these motions, Plaintiff essentially requests that the Court enter default judgment and make findings as to the damages and injunctive relief requested. Defendant again respectfully submits that the sanction of default is not warranted in these circumstances for the reasons stated above. Plaintiff has not proposed any other sanction or cited legal authority to support a finding of contempt against Defendant Smith at this stage of the case. Accordingly, Defendant also requests that these motions be denied.

WHEREFORE, Defendant requests that the Court enter the attached proposed order discharging its Show Cause requirement and denying Plaintiff's Motions for Default and/or Contempt.

Respectfully Submitted,

s/ Charles M. Rutledge
Charles M. Rutledge
Blackburn Domene & Burchett, PLLC
614 West Main Street, Suite 3000
Louisville, KY 40202
Phone: (502) 584-1600
Fax: (502) 584-9971
crutledge@bdblawky.com
*Counsel for Defendant Elaine Smith*

## Certificate of Service

I certify that on May 21, 2024, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, and I further certify that the foregoing, including the proposed order, was mailed to the following:

Thomas E. Burke, Jr. #183573
Luther Luckett Correctional Complex
1612 Dawkins Rd.
P.O. Box 6
LaGrange, KY 42330
*Plaintiff*

/s/ Charles M. Rutledge
Charles M. Rutledge